# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PRENTIS BOLES, | ) |
|             Plaintiff, | ) |
| v. | ) No. 4:23-cv-00113-DGK |
| UNION PACIFIC RAILROAD COMPANY, et al., | ) |
|             Defendants. | ) |

## **ORDER**

This lawsuit arises from Plaintiff's allegations that Defendant Union Pacific Railroad Company ("Union Pacific") violated the Railway Labor Act, 45 U.S.C. § 153 ("RLA") and a collective bargaining agreement between Union Pacific and the Transportation Communications Union/IAM when it terminated his employment. Now before the Court is Union Pacific's Motion to Dismiss Plaintiff's Complaint (ECF No. 6); what the Court construes as Plaintiff's pro se Motion to Remand (ECF No. 11); Plaintiff's pro se Motion for Order in Opposition to Union Pacific's Motion to Dismiss (ECF No. 16); Defendant National Mediation Board's ("NMB") Motion to Dismiss (ECF No. 19); and Union Pacific's Motion to Strike (ECF No. 21).

For the reasons stated below, Union Pacific's motion to dismiss is GRANTED (ECF No. 6); Plaintiff's motion to remand is DENIED (ECF No. 11); Plaintiff's motion for order in opposition to Union Pacific's motion to dismiss is DENIED (ECF No. 16); the NMB's motion to dismiss is GRANTED (ECF No. 19); and Union Pacific's motion to strike is DENIED AS MOOT (ECF No. 21).

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[N]aked assertion[s] devoid of further factual enhancement" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* (cleaned up) (quotation omitted).

In reviewing a pro se complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings without converting a Rule 12(b)(6) motion into a motion for summary judgment.[1] *See Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

**Background**

As an initial matter, Plaintiff's complaint(s) and subsequent filings are incomprehensible. Each is a lengthy ramble (in one instance, 128-pages long) typed in bold and erratic all-caps font with (often inapplicable) caselaw sprinkled throughout.

---

[1] Consequentially, the Court considers the arbitration decision issued by the PLB, the ALJ's decision denying Plaintiff's FRSA claim, and the ARB's decision denying Plaintiff's appeal. *See* Sugg. in Support, ECF No. 7, Ex.'s A–C; *see, e.g.*, *Trice v. Friedman*, No. 4:12-CV-00131-BCW, 2012 WL 12903899, at *2 (W.D. Mo. Sept. 13, 2012) (considering arbitration panel's decision in motion to dismiss).

2

As best the Court can tell,[2] Plaintiff was employed by Union Pacific as a clerk in Kansas City, Missouri, before being terminated in April 2019. Two events are central to this lawsuit: (1) Public Law Board No. 7466's ("PLB") arbitration decision affirming his termination; and (2) an Administrative Law Judge ("ALJ") and the Department of Labor's Administrative Review Board's ("ARB") decision dismissing his previous lawsuit under the Federal Railroad Safety Act, 49 U.S.C. § 20109 *et seq*. ("FRSA"). The facts surrounding each event are outlined below.

**Public Law Board No. 7466 in Case No. 90**

In March 2019, Plaintiff's supervisor charged Plaintiff with a "Third Offense" under Union Pacific's attendance policy. Under the attendance policy, dismissal is the required discipline for a Third Offense within thirty-six months. On March 12, 2019, Plaintiff was removed from service pending an investigation.

On April 3, 2019, an investigatory hearing was held and Plaintiff's attendance record from December 3, 2018, to March 12, 2019, was reviewed. During that timeframe, Plaintiff marked off sick on five occasions and was late to work or left early on three other occasions. Plaintiff's supervisor testified that Plaintiff had not spoken to him about any health-related issues or provided medical documentation regarding his absences. Plaintiff admitted he never provided any medical documentation.

At the hearing, Plaintiff provided medical documentation justifying one of his absences, but no documentation was presented for any of the remaining seven occurrences. While Plaintiff claimed he had applied for FMLA leave for some of the absences in question, it was later

---

[2] Because Plaintiff's complaint is at times incomprehensible, the Court largely draws this background information from Union Pacific's motion to dismiss and suggestions in support. Notably, Union Pacific also found Plaintiff's complaint largely incomprehensible and so compiled the factual background for this case from the arbitration decision issued by PLB No. 7466 in Case No. 90. Sugg. in Support at 2 n.1, ECF No. 7.

determined that he applied for FMLA *after* the hearing.  Plaintiff also testified that he had received two other attendance offenses prior to this timeframe, in 2017 and 2018 respectively.

On April 17, 2019, following the investigatory hearing, Union Pacific informed Plaintiff that he was terminated for violating the attendance policy.  Plaintiff's union filed a grievance on his behalf challenging the dismissal, which was presented to PLB No. 7466 as Case No. 90.  Joan Parker was the presiding "neutral member."  In January 2022, the PLB denied the grievance, finding Plaintiff's dismissal was warranted.

### **Administrative Review Board ("ARB")**

On April 8, 2019, Plaintiff filed a complaint with the Department of Labor's Occupational Safety and Health Administration ("OSHA"), alleging Union Pacific violated the FRSA by retaliating against him for reporting a work injury.  On October 17, 2019, OSHA found no reasonable cause to believe Union Pacific violated the FRSA in terminating him.  Plaintiff objected to the finding and requested a hearing before an ALJ.

On February 23, 2021, an ALJ held a video hearing.  On June 28, 2021, after reviewing the record and the parties' testimony and briefs, the ALJ dismissed Plaintiff's complaint, finding he had not shown that his protected activity contributed to Union Pacific's decision to terminate him.  And, even if it had contributed, Union Pacific had shown by clear and convincing evidence that it would have fired him regardless considering his attendance policy violation.

On July 28, 2021, Plaintiff appealed the decision to the ARB.  The ARB determined his appeal was untimely and issued a show cause order instructing him to explain why his petition should not be dismissed as untimely.  Plaintiff's response to the show cause order was also untimely, but the ARB considered it nonetheless.  Ultimately, on November 1, 2021, the ARB determined Plaintiff had not presented sufficient grounds to warrant tolling the appeal deadline and denied his petition for review.

**Current lawsuit**

On December 16, 2022, Plaintiff filed a 60-page complaint in Jackson County, Missouri, against Defendants Union Pacific and the NMB. *See* Short Compl., ECF No. 1-2. Plaintiff served Union Pacific with a different, 128-page complaint. *See* Long Compl., ECF No. 1-3. To date, Plaintiff has not properly served the NMB.[3] On February 17, 2023, Union Pacific removed to this Court. ECF No. 1.

On February 24, 2023, Union Pacific filed its motion to dismiss. ECF No. 6. On May 25, 2023, the NMB entered an appearance in this case despite never being properly served. ECF No. 18. On June 2, 2023, the NMB filed its motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. ECF No. 19.

**Argument**

**I.     Union Pacific's Motion to Dismiss is GRANTED.**

Union Pacific argues Plaintiff's complaint should be dismissed for four reasons: (1) Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8; (2) Plaintiff's complaint fails to state a plausible basis under the RLA for reviewing and overturning the arbitration award issued by the PLB; (3) this Court lacks jurisdiction over Plaintiff's attempt to appeal the FRSA decisions issued by the ALJ; and (4) any state law claims related to the proceedings before the PLB are preempted. ECF No. 6 at 1–2.

There is some confusion about which docket entry constitutes Plaintiff's response in opposition because, as stated above, Plaintiff's filings are difficult to follow. The docket suggests Plaintiff responded on March 15, 2023, however that brief begins with "MOTION LACK [sic]

---

[3] To properly serve a United Stated agency like the NMB, "a party must serve the United States *and also* send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) (emphasis added). While a certified copy of the summons and complaint was mailed to the NMB on December 28, 2022, *see* ECF No. 1-2 at 67–69, the United States has not been served.

REMOVAL JURISDICTION." ECF No. 11. As best the Court can tell, Plaintiff intended this document to serve as an independent motion to remand, not his response in opposition to the motion to dismiss.[4] The Court will address the merits of his motion to remand below.

This leaves Plaintiff's April 14, 2023, filing as his response in opposition to the motion to dismiss. ECF No. 16. This makes sense—the document (albeit filed as a motion) is titled "MOTION IN OPPOSITION TO UNION PACIFIC RAILROAD COMPANY ETAL., [sic] MOTION TO DISMISS, REQUEST FOR AMENDED COMPLAINT." ECF No. 16. But this response is untimely by more than a month and nearly doubles the allotted page limit. *See* L.R. 7.0(c)(2) (giving parties 14 days to file suggestions in opposition); L.R. 7.0(d)(1)(B) ("Opposing suggestions may not exceed 15 pages.").

Even if the Court considers the arguments presented therein,[5] dismissal is still warranted. And although the title references a request for an amended complaint, Plaintiff has not demonstrated that an one would "cure the lack of specificity" in his original complaint(s). *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995). So, the request is denied.

### A. Plaintiff's complaint violates Federal Rule of Civil Procedure 8.

Rule 8 requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation [therein] must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "Though pro se complaints are to be construed liberally,

---

[4] This interpretation is further supported by Plaintiff referring to "Doc. 11" (this filing) as his "MOTION for REMAND JURISDICIOTN [sic]" in a later filing. ECF No. 16 at 1.

[5] The Court ignores exhibits attached to Plaintiff's response in ruling on the motion to dismiss, like his 116-page affidavit re-arguing his claims and copies of various case opinions. *See, e.g.*, *Schultz v. Satellite Shelters, Inc.*, No. 19-03049-CV-S-BP, 2019 WL 12290120, at *2 (W.D. Mo. Dec. 27, 2019) (refusing to consider affidavit "not fairly embraced by the Complaint" in a motion to dismiss). Plaintiff also attached his medical records which the Court will be sealing given they reveal sensitive information, e.g., his Social Security number. ECF No. 16-4, Ex. 2.

they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted).

Union Pacific argues Plaintiff's complaint fails to comply with Rule 8's pleading requirements. *See* Sugg. in Support at 4–6, ECF No. 7. The Court agrees. Both complaints are unduly long and fail to clearly outline what claims he asserts. *See Wallach v. City of Pagedale, Mo.*, 359 F.2d 57, 58 (8th Cir. 1966) (affirming dismissal of pro se complaint in part because it violated Rule 8); *Lloyd v. FedLoan Servicing LLC*, No. 4:19-CV-00762-FJG, 2020 WL 4587410, at *2–3 (W.D. Mo. June 8, 2020) (dismissing without prejudice pro se plaintiff's 118 page, 840 paragraph long complaint for violating Rule 8); *Phox v. Virtuoso Sourcing Grp., LLC*, No. 4:17-CV-00098-DGK, 2017 WL 4231550, at *2 (W.D. Mo. Sept. 22, 2017), aff'd, 729 F. App'x 505 (8th Cir. 2018). While the analysis could end here, because Plaintiff is pro se, the Court will consider whether his complaint, liberally construed, states any claims entitling him to relief.

### B. Plaintiff's complaint fails to state a plausible basis under the RLA for reviewing and overturning the arbitration award.

Review of an arbitration award "under the RLA is among the narrowest known to the law." *Goff v. Dakota, Minnesota & E. R.R. Corp.*, 276 F.3d 992, 995 (8th Cir. 2002) (internal quotation marks omitted); *see United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960) (stating "federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards"). "In keeping with federal policy favoring the enforcement of arbitration awards, a [PLB's] decision may be set aside only for (1) failure to comply with RLA requirements, (2) failure to confine itself to matters within its jurisdiction, or (3) fraud or corruption by a Board member." *Goff*, 276 F.3d at 996 (citing § 153 First (q)). Courts may also review arbitration decisions "'for possible due process violations,' [albeit] review is limited to the procedural due process afforded by the arbitration itself, not alleged due process in

the underlying action challenged." *Sullivan v. Endeavor Air, Inc.*, 856 F.3d 533, 537 (8th Cir. 2017) (quoting *Goff*, 276 F.3d at 997).

Plaintiff argues the PLB's decision should be overturned based on fraud and due process violations. *See* Short Compl. at 12, 38; Long Compl. at 73, 99. These arguments fail.

### 1. There is no evidence of fraud.

A plaintiff "must prove the existence of fraud by clear and convincing evidence, that the fraud was not discoverable by due diligence before or during the proceeding, and that the fraud was materially related to an arbitrated issue." *Goff*, 276 F.3d at 996. Here, Plaintiff fails to allege fraud with any particularity; it remains unclear what circumstances have led Plaintiff to believe the PLB's decision was procured by fraud.

### 2. No due process violation occurred.

"Under the RLA provisions governing [PLB] hearings, due process requires that: (1) the Board be presented with a 'full statement of the facts and all supporting data bearing upon the disputes,' and (2) the '[p]arties may be heard either in person, by counsel, or by other representatives . . . and the . . . Board shall give due notice of all hearings to the employee.'" *Id.* at 997 (cleaned up) (quoting § 153 First (i), (j)).

Plaintiff believes his due process rights were violated because the PLB held a virtual hearing. Union Pacific argues nothing in the collective bargaining agreement nor in the RLA prohibited the PLB from conducting a virtual hearing, especially in light of the ongoing COVID-19 pandemic. *See* Sugg. in Support at 9, ECF No 7. The Court agrees with Union Pacific. Plaintiff was given notice of the hearing and participated in the hearing. Although he claims he was prematurely cut off and placed in a virtual waiting room during the hearing, *see* Long Compl. at 92, Plaintiff has not alleged enough facts to support this amounted to a due process violation. *See Iqbal*, 556 U.S. at 678. Likewise, Plaintiff's argument that he was improperly prevented from

presenting a transcript from his OSHA claim to the PLB is conclusory. *See* Long Compl. at 99. Plaintiff has not stated how this transcript would have affected the PLB's decision.

### C. This Court does not have jurisdiction to review Plaintiff's FRSA claims.

Decisions of the ARB, or ALJ decisions where review has been declined, are considered final orders of the Secretary of Labor that may be reviewed by the United States Court of Appeals for the circuit where the violation allegedly occurred. 49 U.S.C. § 20109(d)(4); 49 C.F.R. § 1982.112.[6] A plaintiff must file a petition for review at the appellate level "no later than 60 days" after the final order was issued. § 20109(d)(4). In the event Plaintiff is attempting to review the ALJ's holding (finding Union Pacific did not violate the FRSA) or the ARB's holding (denying his petition for review as untimely), the claim is not only untimely, but this Court lacks jurisdiction to hear such a claim.

### D. Plaintiff's state law claims are preempted by RLA.

Plaintiff references several ambiguous state-law claims in his complaint, none of which reach the required pleading standard. Primarily though guesswork, Union Pacific and the Court believe Plaintiff intends to bring tortious inference and breach of contract claims under Missouri law. Plaintiff makes no factual allegations which allow the Court to draw a reasonable inference that would support any such claims. And even if he did, to the extent his claims seek review of the application or interpretation of the collective-bargaining agreement, they are preempted by the RLA. *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1067, 1070 (8th Cir. 2021) ("It is settled law in [the Eighth Circuit] that the RLA divests courts of subject-matter jurisdiction over claims arising

---

[6] Employees have the right to abandon this administrative process and file an original action in federal district court requesting de novo review of their complaint "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee." 49 U.S.C § 20109 (d)(3). However, courts have held that once the Secretary issues a final decision (as done so here), this avenue is no longer appropriate, as "[a] final order of the Secretary is not reviewable in any proceeding other than in a direct appeal to the appropriate court of appeals." *Gunderson v. BNSF Ry. Co.*, 29 F. Supp. 3d 1259, 1264 (D. Minn. 2014) (citing cases).

out of the interpretation or application of a collective-bargaining agreement between a carrier and its employees[;]" the RLA assigns arbitration boards "exclusive jurisdiction" over these claims.).

Accordingly, Union Pacific's motion to dismiss is GRANTED, and Plaintiff's motion for order in opposition is DENIED.

## II. Plaintiff's Motion to Remand is DENIED.

Next, the Court looks to what it construes as Plaintiff's motion to remand. ECF No. 11. As best the Court can tell, Plaintiff argues removal was improper because (1) it was untimely, (2) not all defendants named in his complaint joined the notice of removal; and (3) the Court lacks subject matter jurisdiction to hear this case. Union Pacific argues it properly and timely removed this action by invoking the Court's federal question jurisdiction. ECF No. 14.

Usually, a notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). Where there are multiple defendants in a civil action removed under section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). Whether a federal court has subject-matter jurisdiction is determined "at the time of removal." *Schubert v. Auto Owners Ins.*, 649 F.3d 817, 822 (8th Cir. 2011). And removal based on federal question jurisdiction is governed by the "well-pleaded complaint" rule. *See Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005).

Plaintiff's claims are without merit. First, removal was timely. Union Pacific was served with this lawsuit on January 24, 2023, *see* ECF No. 1-2 at 70, and filed its notice of removal on February 17, 2023, well within the allotted 30-day timeframe. *See* § 1446(b)(1). Second, Union Pacific is the only defendant that has been properly served in this lawsuit, and thus, none of the other named defendants were required to join the notice of removal. *See* § 1446(b)(2)(A). Third and finally, the Court has jurisdiction to hear this case because Plaintiff clearly pled a federal

10

Case 4:23-cv-00113-DGK   Document 23   Filed 08/29/23   Page 10 of 12

question. *See* 28 U.S.C. § 1331. Plaintiff's complaint primarily seeks review of the arbitration decision issued by the PLB, and specifically identifies the RLA as the statue under which his claim arises. *See, e.g.*, Short Compl. at 4. The RLA undoubtably assigns federal district courts with jurisdiction to hear petitions for review of arbitration awards. § 153 First (q) and Second. And as stated earlier, Plaintiff's state law claims (which appear to seek review of the application or interpretation of the collective-bargaining agreement) are preempted by the RLA, serving as a basis for removal. *See Deford v. Soo Line R. Co.*, 867 F.2d 1080, 1085–86 (8th Cir. 1989).

Accordingly, Plaintiff's motion to remand is DENIED.

### III. The NMB's Motion to Dismiss is GRANTED.

Next, the Court addresses the NMB's Motion to Dismiss.[7] ECF No. 19. The NMB is the federal agency that oversees the National Railroad Adjustment Board ("NRAB") and the PLBs. The NMB moves to dismiss under Rule 12(b)(1) arguing the Court lacks subject matter jurisdiction because it is not a proper defendant to this action. *Id.* at 4–6. Alternatively, the NMB moves to dismiss under Rule 12(b)(6) arguing Plaintiff failed to state a claim against it. *Id.* at 6–7.

Dismissal is clearly appropriate under Rule 12(b)(6) as it is impossible to decipher what claims Plaintiff asserts against the NMB. Plaintiff's sporadic references to the NMB are vague and conclusory. Regardless, the NMB is not a proper party in the event Plaintiff is suing it over the PLB's arbitration decision. *See Ozark Air Lines, Inc. v. Nat'l Mediation Bd.*, 797 F.2d 557, 563–64 (8th Cir. 1986) (explaining "the NMB should not be embroiled in the disputes of potential or actual parties to arbitration"); *Radin v. United States*, 699 F.2d 681, 686 (4th Cir. 1983). Joan

---

[7] The docket suggests Plaintiff filed his response to this motion on June 16, 2023. ECF No. 20. However, on June 27, 2023, Union Pacific filed a motion to strike that filing, arguing Plaintiff was not responding to the NMB's motion to dismiss, but was rather again responding to Union Pacific's motion to dismiss. ECF No. 21 at 2. Because the Court is granting both Union Pacific's motion to dismiss and the NMB's motion to dismiss, Union Pacific's motion to strike is DENIED AS MOOT.

Parker—the PLB's Neutral Member—is also not an appropriate party. *See Olson v. Nat'l Ass'n of Sec. Dealers*, 85 F.3d 381, 382 (8th Cir. 1996) (stating "arbitral immunity is necessary to protect decisionmakers from undue influence, and the decision-making process from attack by dissatisfied litigants") (collecting cases).

Accordingly, the NMB's motion to dismiss is GRANTED.

### IV. Remaining Claims

The only remaining claims in this case are against Michael Buttry, Jacob Hammed, Sarah-Joel Privert, and Sierra M. Poulson. None of these Defendants have been served. Under Rule 4(m), the Court must dismiss without prejudice any claims against defendants who are not served within 90 days after a complaint is filed. Plaintiff has not established good cause to warrant an extension of time for service because his complaint does not state a claim upon which relief can be granted. *See Kurka v. Iowa City*, 628 F.3d 953, 957 (8th Cir. 2010) (explaining Rule 4(m)). Plaintiff's claims against Michael Buttry, Jacob Hammed, Sarah-Joel Privert, and Sierra M. Poulson are DISMISSED WITHOUT PREJUDICE.

### Conclusion

For the reasons stated above, Union Pacific's motion to dismiss is GRANTED (ECF No. 6); Plaintiff's motion to remand is DENIED (ECF No. 11); Plaintiff's motion for order in opposition is DENIED (ECF No. 16); the NMB's motion to dismiss is GRANTED (ECF No. 19); and Union Pacific's motion to strike is DENIED AS MOOT (ECF No. 21).

**IT IS SO ORDERED.**

Date: August 29, 2023            /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT